*Khanna v. MUFG Union Bank*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of November, two thousand nineteen.

PRESENT:  ROBERT D. SACK
PETER W. HALL,
JOSEPH F. BIANCO,
*Circuit Judges*.

———————————————————————

Devayani Khanna,

    *Plaintiff–Appellant*,

    v.         No. 19-893

MUFG Union Bank, N.A., Robert Nolen,
in his individual capacity and professional
capacity,

    *Defendants–Appellees.*

———————————————————————

For Appellant:      Jeanne M. Christensen (Bryan L. Arbeit *on the brief*),
Wigdor LLP, New York, NY

For Appellees:      Dov Kesselman (Chryssa V. Valletta *on the brief*),
Seyfarth Shaw LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Carter, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED AND REMANDED.**

Plaintiff–Appellant Devayani Khanna appeals from the Rule 12(b)(6) dismissal of her complaint, which alleges that Khanna's employer, Defendants–Appellees MUFG Union Bank, and supervisor, Robert Nolen, discriminated against her on the basis of race and gender in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* We assume the parties' familiarity with the facts, record of prior proceedings, and arguments on appeal, which we reference only as necessary to explain our decision to vacate the judgment.

We address all of Khanna's claims together because "[t]he substantive standards applicable to claims of employment discrimination under Title VII, [] are also generally applicable to claims of employment discrimination brought under § 1981, the Equal Protection Clause, and the NYSHRL . . .." *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). We review a Rule 12(b)(6) dismissal *de novo,* accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). "Under *Iqbal* and *Twombly*, . . . in an employment discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against [her] and (2) [her] race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015) (referencing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A

2

plaintiff may plausibly allege that race or gender was a motivating factor by alleging "facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id*. at 87. "It is well-settled that an inference of discriminatory intent may be derived from a variety of circumstances, including . . . the more favorable treatment of employees not in the protected group . . .." *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009); *see also Vill. of Freeport v. Barrella*, 814 F.3d 594, 601 n.9 (2d Cir. 2016) ("Of course, the fact that an employer favored someone outside of the relevant protected class will ordinarily suffice to sustain an inference of discrimination." (internal quotation marks omitted)).

Here, the District Court held that Khanna failed to allege facts sufficient to give rise plausibly to the inference that her race or gender was the source of Nolen's treatment of her: "While it is true that many industries are dominated by white men, being out-numbered or the lone minority in an office setting is not enough, without more, to give rise to a gender or race-based discrimination claim." *Khanna v. MUFG Union Bank, N.A.*, No. 18-CV-3031 (ALC), 2019 WL 1428435, at *4 (S.D.N.Y. Mar. 29, 2019). The District Court's conclusion overlooks Khanna's claims that she was treated less favorably than her white male coworkers. Khanna alleged that she was provided fewer resources, given fewer responsibilities, and held to a higher standard than her white male coworkers. Khanna also alleged that Nolen spoke to her in a patronizing manner and was pleasant and personable to her white male colleagues. For example, in a meeting about Khanna's work performance, Nolen reminded Khanna in a condescending tone that she should say "please" and "thank you" at all times. Khanna further alleges that she was replaced by a white male the day after her termination.

3

In sum, the facts alleged in Khanna's Second Amended Complaint show the sort of "mosaic" of intentional discrimination based on "bits and pieces" of evidence that we expect to see in a discrimination claim because "clever men may easily conceal their motivations." *Vega*, 801 F.3d at 86 (quoting *Robinson v. 12 Lofts Realty, Inc.,* 610 F.2d 1032, 1043 (2d Cir. 1979)). This is enough to meet the pleading standard under *Iqbal* and *Twombly*. Accordingly, the judgment is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court